IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT MORTENSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 09-0787-WS-N |
| | ) |
| MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEMS, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| BAC HOME LOANS SERVICING, LP, | ) |
| | ) |
| Counterclaim Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROBERT MORTENSEN, | ) |
| | ) |
| Counterclaim Defendant. | ) |

**ORDER**

This matter comes before the Court on counterclaim defendant Robert Mortensen's Motion to Dismiss Pursuant to Rule 12(b)(4) and 12(b)(6) (doc. 30). The motion has been briefed and is ripe for disposition.

**I.    Relevant Background.**

Plaintiff, Robert Mortensen, brought this action against Mortgage Electronic Registration Systems, Inc. (acting solely as nominee for Countrywide Home Loans, Inc.); Countrywide Home Loans Servicing, LP; BAC Home Loans Servicing, LP; and Bank of America, N.A. Mortensen's Complaint demands damages and injunctive relief from defendants in connection with the mortgage loan on his property in Foley, Alabama. In particular, Mortensen alleges that the defendants improperly sought to foreclose on the property, acting in violation of applicable law and without standing or power to initiate a foreclosure. Mortensen further contends that defendants violated various federal and state statutes and regulations, as well as a number of

common-law principles, in connection with the loan, the ensuing loan modification negotiations, and the foreclosure proceedings.

On December 14, 2009, defendant BAC Home Loans Servicing, LP ("BAC Servicing"), filed a Counterclaim Complaint (doc. 4) against Mortensen, alleging causes of action for declaratory judgment, equitable relief, breach of contract, and money had and received. Essentially, BAC Servicing's counterclaims flow from allegations that Mortensen executed a note in the principal amount of $110,051.00, executed a mortgage on the Foley property to secure repayment of the note, and subsequently defaulted on the terms of the mortgage, thereby entitling BAC Servicing to foreclose the mortgage. The Counterclaim Complaint includes a specific factual allegation that "BAC Servicing is the current and lawful holder of the Mortgage and Note and all right, title, and interest in and to the Mortgage, Note and the indebtedness secured by the Mortgage." (Doc. 4, at 19.)[1]

More than six months after the Counterclaim was filed, Mortensen filed a Motion to Dismiss wherein he contends that dismissal of the Counterclaim is appropriate on grounds of insufficiency of process and failure to state a claim on which relief can be granted. BAC Servicing opposes the motion.

## II. Analysis.

Mortensen seeks dismissal of the Counterclaim under both Rule 12(b)(4) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Each theory will be considered in turn.

According to Mortensen, "[t]he Rule 12(b)(4) Motion for dismissal is based on insufficient process for not producing the original note and mortgage." (Doc. 30, at 2.) Mortensen's position is that "[i]f [BAC Servicing] can not produce the original note and mortgage process is insufficient" (*id.* at 4) and the Counterclaim must be dismissed pursuant to

---

[1] This allegation is not presented in simply conclusory fashion, but is supported by detailed factual allegations setting forth the chain of events that purportedly led BAC Servicing to become the holder of the note and mortgage. In particular, the Counterclaim Complaint alleges that (1) the mortgage identified Countrywide Home Loans, Inc., as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as the lender's nominee and the mortgagee; (2) MERS subsequently assigned its right, title, and interest in the mortgage, note, and the indebtedness secured by the mortgage to Countrywide Home Loans Servicing, LP; and (3) Countrywide Home Loans Servicing, LP subsequently became known as BAC Servicing, rendering BAC Servicing the holder of the note, mortgage and indebtedness. (Doc. 4, at 18-19.)

Rule 12(b)(4). This argument misapprehends the narrow scope of Rule 12(b)(4),[2] which on its face allows for dismissal of a complaint only for "insufficient process." Although this rule is rarely invoked and litigated, extant authority makes clear that a Rule 12(b)(4) motion is appropriate only where the summons is defective. Indeed, "a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." *Olson v. Federal Election Com'n*, 256 F.R.D. 8, 10 n.3 (D.D.C. 2009) (citation omitted); *see also Wasson v. Riverside County*, 237 F.R.D. 423, 424 (C.D. Cal. 2006) ("An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service.") (citation omitted). "Dismissals for defects in the form of summons are generally disfavored … and hence are not a ground for dismissal unless the defendant demonstrates actual prejudice." *U.S.A. Nutrasource, Inc. v. CAN Ins. Co.*, 140 F. Supp.2d 1049, 1052 (N.D. Cal. 2001). Here, Mortensen neither identifies objections to the content of the summons or to service of process generally, nor demonstrates actual prejudice arising from any such defects.[3] As such, his Rule 12(b)(4) argument is entirely lacking in merit.[4]

---

[2] It also disregards BAC Servicing's uncontroverted representation to this Court that "it has already made the original Note and Mortgage available to Mortensen's counsel in response to discovery requests" (doc. 32, at 7 n.1), but that Mortensen's counsel had failed to avail himself of the opportunity to inspect such documents. To be sure, Mortensen's counsel now contends that there is a discrepancy in signature ink colors and that "[t]he issue of ownership and possession of the original note and mortgage needs to still be investigated and adjudicated at trial." (Doc. 34, at 10.) The Court could not agree more, which is why Mortensen's Motion to Dismiss is due to be denied.

[3] The premise of Mortensen's Rule 12(b)(4) objection is mystifying, given that he is objecting to a counterclaim (as to which Rule 4 service of process is not required in the first place) and not to an original complaint (as to which Rule 4 service of process is required). Simply put, Mortensen cannot logically be heard to protest the sufficiency of process for a pleading as to which service of process was unnecessary under the Federal Rules of Civil Procedure.

[4] The Court understands that Mortensen's position is that BAC Servicing must prove it is the holder of the note and mortgage in order to prevail on the Counterclaim. Be that as it may, Mortensen has presented no authority and has articulated no argument that would relate any infirmities in BAC Servicing's "holder" status to the sufficiency of process for Rule 12(b)(4) purposes. Whether BAC Servicing can or cannot produce the original note and
(Continued)

With respect to Rule 12(b)(6), Mortensen contends that dismissal of the Counterclaim is warranted because BAC Servicing has not proved that it is the holder of the note and mortgage. As the Motion to Dismiss puts it, BAC Servicing has failed to produce "documentation showing an assignment to BAC from a proper party" and BAC Servicing's "current non-production of the original note and mortgage is a basis to find the failure to state a cause of action under Federal Rule of Civil Procedure 12(b)(6)." (Doc. 30, at 4, 6.) The Court understands that Mortensen wants BAC Servicing to prove that it holds the note and mortgage, to produce documentation showing the assignment from the initial mortgagee, and to produce "the original note and mortgage." The problem is that this case is at the pleadings stage, not the summary judgment stage. BAC Servicing is not required to "prove" ultimate facts or "produce" an evidentiary foundation for its claims to satisfy Rule 12(b)(6). Rather, at this juncture, "[w]e take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010); *see also Jimenez v. Wellstar Health System*, 596 F.3d 1304, 1308 (11th Cir. 2010) (similar).[5] In its Counterclaim, BAC Servicing has unequivocally alleged that (1) the initial mortgagee assigned all of its right, title and interest in Mortensen's mortgage, note and indebtedness to Countrywide Home Loans Servicing, LP; (2) that Countrywide Servicing entity is now known as BAC Servicing; and (3) "BAC Servicing is the current and lawful holder of the Mortgage and Note." (Doc. 4, at 19.) Is Mortensen entitled to challenge these factual allegations and demand proof of same in discovery and at trial (assuming that genuine disputes of material fact exist)? Of course. But he cannot preempt the discovery process via a Rule 12(b)(6) motion in which he essentially urges the Court to reject the well-pleaded allegations of the Counterclaim for want of proof, or to force BAC Servicing to meet a summary judgment-type burden of proof today.[6]

---

mortgage is a vastly different question from the sufficiency of process as to the Counterclaim for Rule 12(b)(4) purposes. In short, Mortensen is attempting to fit a square peg into a round hole.

[5] For this reason, Mortensen's argument that BAC Servicing has "made material misrepresentations in the Counter-Claims section that are not true" (doc. 30, at 8) is simply a non-starter for purposes of the Rule 12(b)(6) motion.

[6] The same goes for Mortensen's strained argument that BAC Servicing's own actions in servicing the loan and dealing with Mortensen "negate a cause of action for (Continued)

### III. Conclusion.

For the foregoing reasons, the Motion to Dismiss Counterclaims (doc. 34) is **denied**. Mortensen is **ordered**, on or before **September 3, 2010**, to file a freestanding answer to the Counterclaim Complaint that fairly responds to each and every allegation therein on a paragraph-by-paragraph basis.[7]

---

foreclosure." (Doc. 30, at 8.) It may be that BAC Servicing acted in some way that confers viable defenses on Mortensen for the causes of action delineated in the Counterclaim. But that sort of fact-intensive, merits-based analysis has no place in a Rule 12(b)(6) motion. Equally unavailing is Mortensen's repeated suggestion that BAC Servicing's contemplated proof at trial may be inadmissible under Rule 1002 of the Federal Rules of Evidence. Mortensen seeks to hold BAC Servicing to rigorous evidentiary standards that have no application to Rule 12(b)(6) motions, where (again) all well-pleaded factual allegations in the complaint are taken as true and are construed in the light most favorable to the pleader, no matter how vehemently the opposing party may deny their veracity.

[7] In imposing this requirement, the Court recognizes that Mortensen has buried an Answer at the end of his Motion to Dismiss (doc. 30). That filing is inadequate because (a) it confusingly combines two different submissions into one, and (b) more fundamentally, it does not address each paragraph of the Counterclaim Complaint separately, but instead relies on a general denial of "each and every allegation" of that pleading. (Doc. 30, at 10.) General denials are almost always improper under the Federal Rules of Civil Procedure. *See Matter of Crawford,* 2 B.R. 589, 592 (Bankr. Ill. 1980) ("A general denial is appropriate only where the pleader intends in good faith to controvert the preceding pleading."); *Gulf Oil Corp. v. Bill's Farm Center, Inc.*, 52 F.R.D. 114, 118-19 (W.D. Mo. 1970) (declaring that "[g]eneral denials or the equivalent are no longer permitted under the Federal Rules of Civil Procedure"). Indeed, one prominent commentator has opined that the use of general denials "has been sharply restricted" under the Federal Rules of Civil Procedure and that "an answer consisting of a general denial will be available to a party acting in good faith only in the most exceptional cases." Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1265; *see also* 2 *Moore's Federal Practice*, § 8.06[4] (3d ed.) ("Because of the very broad nature of a general denial, as well as the duty to respond in good faith after reasonable inquiry, general denials are rarely appropriate responses to multi-faceted statements within claims for relief when numerous facts are alleged together."). Under Rule 8(b)(2), Fed.R.Civ.P., denials set forth in an answer "must fairly respond to the substance of the allegation." *Id.* Moreover, a general denial such as that offered by Mortensen is appropriate only when a party "intends in good faith to deny all the allegations of a pleading." Rule 8(b)(3). By contrast, "[a] party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted." *Id.* Of course, the signature on Mortensen's Answer constitutes a certification by counsel "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances ... the denials of factual contentions are warranted on the evidence." Rule 11(b)(4), Fed.R.Civ.P. Through this general denial, Mortensen is denying, *inter alia*, that
(Continued)

DONE and ORDERED this 23rd day of August, 2010.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE

---

he executed a note dated December 29, 2006, that he obtained loan proceeds, that he agreed to repay the note, that he executed a mortgage, and so on. The Court finds it extraordinarily unlikely that any such denial could comport with the strictures of Rules 8 and 11. Should counsel persist in a general denial of all factual allegations in the Counterclaim Complaint, the Court will follow up with an appropriate show cause order to investigate the reasonable inquiry undertaken by Mortensen's counsel and whether he could in good faith controvert all allegations of the Counterclaim Complaint, as he has done to this point.