# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT MORTENSEN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 09-0787-WS-N |
| | ) | |
| **MORTGAGE ELECTRONIC** | ) | |
| **REGISTRATION SYSTEMS, INC.,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| **BAC HOME LOANS SERVICING, LP,** | ) | |
| | ) | |
| Counterclaim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **ROBERT MORTENSEN,** | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |

## ORDER

This matter comes before the Court on plaintiff/counterclaim defendant's filing styled "Motion for Rehearing" (doc. 84), in which he seeks reconsideration of certain Orders (doc. 78, 79) and the Judgment (doc. 80) entered by the undersigned on December 23, 2010.

**I.     Background.**

Robert Mortensen sued BAC Home Loans Servicing, LP, and various other defendants on more than a dozen federal statutory and state common-law theories. Mortensen's stated basis for bringing these claims was that BAC Servicing and the other defendants had failed to provide him with a mortgage loan modification that he deemed satisfactory for a rental property after he became unable to meet his payment obligations on the existing loan. For its part, BAC Servicing brought counterclaims against Mortensen for breach of contract and the like based on Mortensen's default of the promissory note for said rental property.

The parties filed cross-motions for summary judgment. After briefing, the Court entered a pair of Orders (docs. 78 and 79) on December 23, 2010, numbering 17 and 26 pages, respectively. Those Orders denied Mortensen's Motion for Summary Judgment in its entirety, granted defendants' and BAC Servicing's motion for summary judgment, dismissed all of Mortensen's claims against all defendants with prejudice, declared that Mortensen is in default under the mortgage and note and that BAC Servicing is entitled to foreclose the mortgage, and awarded BAC Servicing damages of $127,442.44 on the breach of contract and money had and received causes of action. A corresponding Judgment was entered on that same date.

On January 29, 2011, more than a month after entry of the Orders and Judgment, Mortensen filed his motion for reconsideration, which consists of new, previously available arguments, as well as a rehash of arguments previously considered and rejected.

## II. Analysis.

Aside from a perfunctory mention of Rules 59 and 60 of the Federal Rules of Civil Procedure, Mortensen's Motion for Rehearing eschews any discussion of the legal authority governing it, much less any recognition of the applicable legal standard for reconsideration of a federal court's decision. Whatever the reasons for that omission may be, the fact remains that "[i]n the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Longcrier v. HL-A Co.*, 595 F. Supp.2d 1218, 1246 (S.D. Ala. 2008) (citations omitted). In that regard, the Supreme Court has confirmed that motions to reconsider "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008) (citation omitted); *see also Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) ("A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.") (citation and internal quotation marks omitted); *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997) ("a motion to reconsider should not be used by the parties to set forth new theories of law"). "Simply put, a party may move for reconsideration only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Longcrier*, 595 F. Supp.2d at 1247 (citations and internal punctuation omitted).

Mortensen proceeds in derogation of these principles. Heedless of the narrowly circumscribed circumstances under which relief may be granted on a motion to reconsider, Mortensen does not even attempt to fit his grounds for relief into any of the established categories. Instead, he simply repeats arguments rejected in the December 23 Orders and constructs new arguments rooted in facts that are both previously available and omitted from the summary judgment record. Such an approach is manifestly improper. *See Garrett v. Stanton*, 2010 WL 320492, *2 (S.D. Ala. Jan. 18, 2010) ("Far too often, litigants operate under the flawed assumption that any adverse ruling on a dispositive motion confers upon them license to move for reconsideration … as a matter of course, and to utilize that motion as a platform to criticize the judge's reasoning, to relitigate issues that have already been decided, to champion new arguments that could have been made before, and otherwise to attempt a 'do-over' to erase a disappointing outcome. This is improper."); *Hughes v. Stryker Sales Corp.*, 2010 WL 2608957, *2 (S.D. Ala. June 28, 2010) (rejecting notion that motions to reconsider "are appropriate whenever the losing party thinks the District Court 'got it wrong'").[1]

Step-by-step scrutiny of each issue raised by Mortensen confirms the futility of his request for reconsideration. First, Mortensen insists that this case "is about fraudulent negotiation tactics by a bank and efforts to unfairly and illegally take advantage of Plaintiff." (Doc. 84, at 2.) This contention amounts to mere hollow labeling divorced from any factual showing. The December 23 Order explained in detail why the record viewed in the light most favorable to plaintiff showed evidence of neither fraudulent representations by defendants nor

---

[1] In fact, Mortensen's position is even weaker than those in the cited cases, inasmuch as his Motion is filed too late to be considered under Rule 59. Any motion brought under that rule "must be filed no later than 28 days after the entry of the judgment." Rule 59(e). Mortensen waited until 37 days post-judgment to file his Motion; therefore, the sole avenue available to him is Rule 60(b), which enumerates certain discrete categories for relief from a judgment or order. *See Mahone v. Ray*, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003) (motions filed outside Rule 59 deadline are "cognizable only as a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)"). Of course, Mortensen makes no attempt to explain how his arguments fit any of those subsections of Rule 60(b). In any event, it bears emphasis that "a party may not use Rule 60(b) as a substitute for a timely and proper appeal," and that to the extent that Mortensen intends to invoke the catch-all provision of Rule 60(b)(6), that subsection "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Paul v. William Morrow and Co.*, 2010 WL 2180527, *2 (11th Cir. June 2, 2010) (citations omitted). Nothing even approaching exceptional circumstances has been demonstrated here.

reliance by Mortensen. (Doc. 79, at 15-18; *see also* doc. 78, at 7-10.) Plaintiff's conclusory statement of disagreement with the December 23 Order on this point provides no persuasive legal or factual basis for revisiting, much less overturning, that analysis.

Next, Mortensen proffers a host of factual allegations for the first time, including the following: (i) his financial losses, credit score, and loan renegotiation efforts with other banks in the fall of 2008; (ii) the specific nature of the forbearance he sought; (iii) his dealings with the Small Business Administration; (iv) legal advice and representations made to him by the United Law Group in January 2008; (v) his subjective hopes and desires for a specific modification on the rental property at issue; and (vi) his contention that the "new modification" to the loan was in effect until BAC Servicing's counsel maliciously interfered with same. Plaintiff did not present any of these facts to this Court on summary judgment. Even now, he provides only bare representations of counsel, with no record support for any of these assertions. Thus, insofar as the Motion for Rehearing rests on any of the foregoing "facts," it is improper for three reasons. First, such facts were previously available but not presented in Rule 56 briefing. Second, plaintiff has offered neither explanation nor excuse for such omission. And third, these "facts" consist solely of counsel's representations, lacking any record citations whatsoever.

Mortensen's third ground for seeking Rule 60(b) relief concerns the purported November 2, 2009 "modification letter." Mortensen criticizes the December 23 Orders' treatment of that purported "modification," insisting that "whether or not this was a modification offer presents a question of fact that should go before the jury and prevents summary judgment for the Defendants." (Doc. 84, at 4.) This argument misses the point of this Court's treatment of the November 2 letter. The December 23 Order explained that the November 2 "modification" could not defeat defendants' summary judgment motion because (i) plaintiff did not receive the November 2 letter until <u>after</u> filing his Complaint, and never amended his Complaint to include any allegations relating to that letter, such that his claims joined in this litigation cannot be predicated on that letter or defendants' conduct in relation to same (doc. 79, at 9 n.17); and (ii) the November 2 letter fails in any event to comport with the particular requirements of the Statute of Frauds and is therefore of no force or effect (*id.* at 13-14 & n.21). Mortensen's Motion for Rehearing addresses neither of these substantial concerns, and comes forward with no

viable basis for Rule 60(b) relief predicated on the purported November 2 "modification."[2] Simply put, the November 2 letter is not a part of this case because of plaintiff's own pleading choices. Even if it were, the "modification" could not avail Mortensen because it violates the Statute of Frauds. The existence of that letter does not form a viable basis for reconsideration.

For his fourth Rule 60(b) argument, Mortensen unveils a new theory about there being two different mortgages on the property in question and a mystery about the status of the second mortgage. (Doc. 84, at 5.) Plaintiff points to not a shred of evidence of this second mortgage, nor does he explain his failure to come forward with evidence and argument about this second mortgage and the ramifications of same in his earlier summary judgment submissions. (*See* doc. 54-1.)[3] The availability of the Rule 60(b) mechanism is not a license to sandbag the Court and one's adversary on summary judgment briefing, on the theory that if one set of arguments fails at the Rule 56 stage the losing party can always try out a second set in the Rule 60(b) context. *See, e.g., American Home Assur. Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of motion to reconsider to afford a litigant "two bites at the apple").

Plaintiff's fifth basis for reconsideration is his frankly shocking assertion that "[t]he Deposition should not be binding on Plaintiff because Plaintiff … was on narcotics during his

---

[2] Remarkably, plaintiff suggests in his Motion for Rehearing that he "is willing to amend the Complaint so that the Court can consider the letter if necessary." (Doc. 84, at 4.) The time for amending the pleadings has long since passed. Indeed, the applicable Rule 16(b) Scheduling Order provided that motions for leave to amend the pleadings must be filed on or before March 15, 2010. (Doc. 12, ¶ 5.) Besides, when plaintiff attempted to amend his Complaint some five months after that deadline, the Court denied that request not once but twice for failure to satisfy the Rule 16(b)(4) "good cause" standard. (*See* docs. 37, 41.) Plaintiff cannot use his Rule 60(b) motion to revive his untimely efforts to amend the pleadings that were previously denied on the merits back in August 2010. *See generally Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (explaining that Rule 15(a)'s liberal amendment standard "has no application *after* judgment is entered").

[3] Plaintiff's summary judgment brief attaches only a copy of a single mortgage instrument, and includes statements such as "the Note is held b [*sic*] Countrywide and the Mortgage is held by MERS as a [*sic*]" (doc. 54-1, at 4) and "the Mortgage was entered into with MERS as the Morgages [*sic*]" (*id.* at 8). A Rule 60(b) motion is far too late in the day for Mortensen to make brand-new arguments about a purported second mortgage whose existence he never disclosed (much less relied on) in summary judgment briefs.

deposition." (Doc. 84, at 6.) If this is true (and the Court has no way of knowing if it is because, once again, counsel offers nothing other than his mere say-so in support), then why did plaintiff's counsel not so apprise the Court during summary judgment briefing in which defendants were relying heavily on admissions in Mortensen's deposition transcript?[4] A Rule 60(b) motion is not the proper time for counsel to notify the Court for the first time of perceived reliability/competence problems with his client's own deposition transcript. Plaintiff cannot now, for the first time, disavow his own sworn statement during his deposition that he "knew that [he] would have to default" on the loan, regardless of what defendants told him, because he did not have the money to stay current on his payments. (Doc. 79, at 7.) Given plaintiff's unequivocal testimony on this front and plaintiff's failure to articulate any argument at summary judgment why that admission is not binding and effective against him, the Court rejects counsel's assertion in his Rule 60(b) motion that "[t]he inevitability of a default presents a question of fact that shopudl [*sic*] also preclude summary judgment for the Defendants." (Doc. 84, at 6.)

In the final section of his Motion for Rehearing, Mortensen lifts and quotes verbatim three paragraphs from one of his summary judgment briefs relating to fraudulent inducement and slander of title. (*Compare* doc. 84, at 7 *with* doc. 71, at 4-5.)[5] The Court thoroughly considered and rejected these exact arguments in the December 23 Orders. These particular written arguments have not improved in the retelling. The net effect of plaintiff cutting and pasting sections from his Rule 56 brief into his Rule 60(b) Motion is simply to waste the time and resources of all concerned. This is not a proper use of a motion to reconsider. *See Longcrier*, 595 F. Supp.2d at 1250 ("The Court will not indulge defendant's procedurally improper request for a 'do-over' in its Motion to Reconsider of arguments that were fully considered and rejected in the [underlying] Order."); *Gipson v. Mattox*, 511 F. Supp.2d 1182, 1185 (S.D. Ala. 2007)

---

[4]  Perhaps a better question is that, if this is true, why did plaintiff's counsel allow his client to sit for a deposition under circumstances where counsel did not believe the client was competent to testify?

[5]  Two of these paragraphs in the Rule 60(b) Motion are word-for-word identical to the corresponding sections of his summary judgment brief filed on December 2, 2010. The third paragraph is the same, except that two sentences were removed in the Rule 60(b) iteration.

("Nor may a party properly utilize a motion to reconsider as a vehicle for rehashing arguments considered and rejected in the underlying order.").

### III. Conclusion.

For all of the foregoing reasons, plaintiff/counterdefendant's Motion for Rehearing (doc. 84) is **denied** in its entirety. Plaintiff's response to defendants' Motion for Award of Attorney's Fees and Expenses (doc. 82), as supplemented (doc. 85), remains due on or before **February 17, 2011**. His filing of this baseless Rule 60(b) Motion in no way tolls the briefing deadline.

DONE and ORDERED this 9th day of February, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE