# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT MORTENSEN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 09-0787-WS-N |
| | ) |
| **MORTGAGE ELECTRONIC** | ) |
| **REGISTRATION SYSTEMS, INC.,** *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| **BAC HOME LOANS SERVICING, LP,** | ) |
| | ) |
| Counterclaim Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **ROBERT MORTENSEN,** | ) |
| | ) |
| Counterclaim Defendant. | ) |

## ORDER

This matter comes before the Court on plaintiff/counterclaim defendant Robert Mortensen's filing styled "Motion to Extend Time to File Civil Appeal Statement with the Court of Appeals" (doc. 99), which was filed by new counsel appearing on his behalf.

On May 3, 2011, the undersigned signed an Amended Final Judgment (doc. 96) dismissing all of Mortensen's claims, declaring that Mortensen had defaulted on his mortgage and that BAC Home Loans Servicing, LP is authorized to foreclose the mortgage, and entering judgment in favor of BAC Servicing and against Mortensen in the amount of $127,442.44, plus reasonable attorney's fees of $111,344.60 and costs and expenses of $9,651.61. That Amended Final Judgment was entered in the civil docket on May 4, 2011, such that the time for appeal commenced running then. *See* Rule 4(a)(7)(A), Fed.R.App.P. (defining entry of a judgment for appeal purposes).

Pursuant to Rule 4(a)(1)(A), Fed.R.App.P., a party in a civil case who seeks to appeal an order or judgment to a court of appeals must file a notice of appeal with the district clerk "within 30 days after the judgment or order appealed from is entered." *Id.* "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 615 F.3d 1352, 1359 n.15 (11th Cir. 2010) (citation omitted). To date, Mortensen has never filed a notice of appeal from the May 3 Amended Final Judgment. The 30-day period prescribed for doing so expired on June 3 (*i.e.*, 30 days after entry of judgment on the docket sheet). He now requests leave of court to file a Civil Appeal Statement out of time.[1]

The threshold defect in Mortensen's Motion to Extend Time is that he is asking for an enlargement of time to file the wrong document to commence an appeal. Indeed, plaintiff asks for an extension of time "to File a Civil Appeal Statement with the Court of Appeals." (Doc. 99, at 1.) But the Civil Appeal Statement is not due for filing with the Eleventh Circuit clerk until 14 days after the appeal is docketed. *See* 11th Cir. R. 33-1. To date, no appeal has been docketed because Mortensen has not properly commenced an appeal under Rule 3, Fed.R.App.P. So Mortensen is requesting enlargement of a filing period that has not yet begun to run. He has not asked for an extension of time for filing his notice of appeal, which is the gateway document for initiating an appeal, the deadline for which has expired. Moreover, he presents no authority, and the Court is aware of none, that would confer upon a district court authority to extend the time for filing a document with the Eleventh Circuit. (To be sure, district courts can extend time for

---

[1] Specifically, Mortensen states that he seeks leave to file his "Civil Appeal Statement" with the appellate court outside the 30-day limit. (Doc. 99.) In federal court, a party commences an appeal not by filing a Civil Appeal Statement with the appeals court, but by filing a barebones notice of appeal with the district court. *See* Rule 3(a)(1), Fed.R.App.P. ("An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4."); Rule 3(c)(1), Fed.R.App.P. (explaining that a notice of appeal need only specify the party taking the appeal, designate the judgment or order being appealed, and name the court to which appeal is taken). The Eleventh Circuit's Rules and Internal Operating Procedures are not to the contrary, but simply provide that appellants "shall file with the clerk of the court of appeals … an original and one copy of a completed Civil Appeal Statement within 14 days after the date the appeal is docketed in this court." 11th Cir. R. 33-1(a)(1). By the plain language of the Eleventh Circuit rule, then, a "Civil Appeal Statement" is filed only <u>after</u> the appeal has already been commenced via notice of appeal filed in district court. Unfortunately, Mortensen skipped over the first step and proceeded right to the second.

filing notices of appeal, but those notices are filed directly in district court.) For these reasons, the Motion to Extend Time is properly **denied**.

If the Motion were construed liberally, it could perhaps be read as a motion for extension of time for filing a notice of appeal (even though movant's counsel does not use such terminology in the Motion). But such a liberal construction, even if it were appropriate for a motion filed by counsel, would not save the Motion. By rule, a district court may extend the time for filing a notice of appeal beyond the 30-day window if "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) … that party shows excusable neglect or good cause." Rule 4(a)(5)(A), Fed.R.App.P. To satisfy the requisite showing of excusable neglect, plaintiff's counsel shows that he sent his "Civil Appeal Statement" to the Eleventh Circuit, and that the appeals court clerk's office received it on June 3, 2011 (which was the 30th day after entry of judgment), but returned it to him because no notice of appeal had been filed in the district court. *See* Rule 3(a)(1), Fed.R.App.P. Plaintiff's counsel further shows that he had sought to locate other appellate counsel for Mortensen, without success, then "[w]ith but one day to file an appeal … worked around the clock to both prepare the Civil Appeals Statement and attendant Exhibits." (Doc. 99, ¶ 4.)

From the circumstances presented, it is readily apparent that Mortensen's failure to file a timely notice of appeal is attributable to a series of mistakes of law by his counsel. First, counsel mistakenly believed that filing a comprehensive Civil Appeal Statement was necessary to initiate an appeal, when Rules 3 and 4 of the Federal Rules of Appellate Procedure plainly require only a simple, perfunctory notice of appeal. Second, counsel mistakenly believed that the appeal documentation must be filed directly with the court of appeals, even though Rule 3(a) plainly states that a notice of appeal is to be filed with the district clerk. Such errors could have been avoided had counsel consulted Rules 3 and 4 of the Federal Rules of Appellate Procedure, as well as the Eleventh Circuit's Rule 33-1. Binding precedent demonstrates that such mistakes of law cannot constitute excusable neglect under Rule 4(a)(5). *See, e.g., Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1356 (11th Cir. 2009) ("it is true that this circuit recognizes that an attorney's misinterpretation of the law does not constitute excusable neglect"); *Advanced Estimating System, Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997) ("Today, we follow the other circuits and hold, as a matter of law, that an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a

party is relieved of the consequences of failing to comply with a statutory deadline.").[2]  "The ancient legal maxim continues to apply: ignorance of fact may excuse; ignorance of law does not excuse." *Advanced Estimating*, 130 F.3d at 999.  This case is unquestionably a mistake-of-law case, inasmuch as "the reason for [Mortensen]'s failure to file timely a notice of appeal was an apparent failure to review or to appreciate the relevant rules." *Id.*[3]

Mortensen's only explanation for his failure timely to file a notice of appeal is his attorney's ignorance of the relevant rules, but such a mistake of law cannot constitute excusable neglect.  Accordingly, the Motion to Extend Time would be properly **denied** even if it were liberally construed as a request under Rule 4(a)(5)(A) for extension of the time to file a notice of appeal with the district clerk.

For all of the foregoing reasons, the "Motion to Extend Time to File Civil Appeal Statement with the Court of Appeals" (doc. 99) is **denied**.

DONE and ORDERED this 12th day of June, 2011.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] That such mistakes of law were made by counsel rather than by client is of no moment, because "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 396, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

[3] The Court recognizes, of course, that the Supreme Court in *Pioneer* established a series of factors to be considered in determining whether excusable neglect exists, to-wit: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  507 U.S. at 395.  The Court also recognizes that the Eleventh Circuit has deemed it an abuse of discretion in certain circumstances for a district court not to consider the *Pioneer* factors in an excusable-neglect inquiry.  *See, e.g., Connecticut State Dental*, 591 F.3d at 1356 ("In this case, the district court abused its discretion because it did not even consider the *Pioneer* factors.").  But Eleventh Circuit law is quite clear that, even after *Pioneer*, "a lawyer's misunderstanding of clear law cannot constitute excusable neglect." *Advanced Estimating*, 130 F.3d at 998.  Because that is precisely what happened here, the analysis proceeds no further.